O

JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, Santa Monica
No. 12U01495

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES RODRIGUEZ, | ) | Case No. CV 12-06499 DDP (FMOx) |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO REMAND UNLAWFUL DETAINER** |
| v. | ) | |
| VIOREL MURESAN, | ) | |
| Defendant. | ) | |
| | ) | [Dkt. No. 12] |

Presently before the court is Plaintiff James Rodriguez's Ex Parte Application for Order to Remand Unlawful Detainer to State Court. Having considered the submissions of the parties, the court grants the application.

On May 8, 2012, Plaintiff filed a complaint for unlawful detainer against Defendant in Los Angeles County Superior Court. (Application, Ex. A.) The Complaint sought possession of property located at 2032 Shenandoah St. # 6, Los Angeles, California 90034, costs and fees, past due rent of $822.00, and damages of $27.40 per day. (Id.) Defendant filed a Notice of Removal in this court on July 27, 2012, apparently on the basis of defenses under the United States Constitution. (Notice of Removal at 2-3.) The state court

entered judgment against Defendant on July 30, 2012. (App., Ex. C.) Defendant filed a copy of his Notice of Removal in state court that same day. Plaintiff now seeks to remand the matter to state court.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant always bears the burden of establishing that removal is proper. Id.

Here, no federal question appears from the face of the complaint. Indeed, Defendant acknowledges that Plaintiffs' complaint does not raise a federal question. (Emergency Opp. at 1.) Defendant appears to suggest that a federal question exists because he has federal defenses to Plaintiff's allegations. "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quotation, citation, and alteration omitted). "Federal law" cannot be predicated on a defense or counterclaim. Id. Defenses based on federal law are, therefore, insufficient to create federal

2

1  jurisdiction.  See HSBC Bank USA v. Santiago, No. CV 10-04127, 2011
2  WL 165382, at *1-2 (C.D. Cal. Jan. 18, 2011).
3       The court takes no position on the viability of Defendant's
4  potential defenses.  For the reasons stated above, however, any
5  such defenses are insufficient to confer jurisdiction upon this
6  court.  Accordingly, Plaintiff's Ex Parte Application is GRANTED,
7  and this matter is REMANDED to state court.
8
9
10 IT IS SO ORDERED.
11
12
13 Dated: August 31, 2012
                                    _____
14                                  DEAN D. PREGERSON
                                    United States District Judge

3